[S. F. No. 1185.   Department Two.—July 21, 1899.]

In Re GEORGE STRAUT, an Insolvent Debtor.

PARTNERSHIP—INSOLVENCY OF MEMBER OF FIRM—DISTRIBUTION OF ASSETS—CONSTRUCTION OF CODE.—The provisions of section 39 of the Insolvent Act for proceedings in the case of insolvent partnerships, and the relative distribution of the firm assets, and of the individual assets of the partners, do not apply to a proceeding in insolvency in the case of an individual member of the firm, where the court has no jurisdiction over the assets of the partnership.  In such case, the assets of the insolvent may be distributed *pro rata* to all of the creditors who have proved their claims, including the firm creditors.

APPEAL from orders of the Superior Court of Napa County, settling the accounts of an assignee of an insolvent debtor, and distributing the assets of the insolvent.   A. J. Buckles, Judge, presiding.

The facts are stated in the opinion of the court.

F. E. Johnston, H. C. Gesford, and E. L. Webber, for Appellant.

H. M. Barstow, for Respondent.

C. J. Beerstecher, for Assignee.

TEMPLE, J.—The insolvent had been a member of a copartnership doing business under the firm name of Meigs & Straut. The firm had become heavily indebted and had ceased to do business. Some individual creditors of Straut caused him to be adjudged an insolvent debtor on the twenty-sixth day of August, 1895. In obedience to an order of the court Straut made and filed an inventory of his property, which included the assets of the copartnership. He also gave a list of his creditors, including the creditors of the firm.

The sheriff of the county was directed to take charge of the estate and a meeting of the creditors was provided for. Many creditors proved their demands. Some were only creditors of Straut, but others were creditors of the firm. An assignee was appointed and the usual assignment made. On the twenty-fourth day of July, 1897, the accounts of the assignee were settled. He had subject to distribution to creditors two thousand one hundred dollars and seventeen cents. It was distributed to all the creditors *pro rata*, including the firm creditors. This distribution was objected to by the individual creditors, who contended that they should be first paid, and that the copartnership creditors would take nothing unless there was a surplus after paying the individual creditors. The assets would suffice to pay only a small per cent of the allowed claims of the individual creditors.

The proceeds in the hands of the assignee were from individual property, except three dollars and fifty cents, which was from the partnership assets. The partnership affairs have never been settled. Whether its assets possess further value does not appear.

Section 39 of the Insolvent Act provides for the proceeding in the case of partnerships. The assets of partnership and the individual estates of the partners are taken by the assignee, and the proceeds of partnership property is to be first applied to the payment of partnership creditors, and the moneys derived from individual estates to the payment of individual debts. Either set of creditors can resort to any surplus there may be in the fund first to be appropriated to the other class. Appellant contends that this rule should prevail in this case, where only one of the partners has been adjudged insolvent, and the court has

no jurisdiction over the estate of the partnership. But the statute cannot be extended beyond the special case for which it was provided.

According to section 35 all creditors whose debts are proved and allowed may share *pro rata*, without a preference, except as provided in section 1204 of the Code of Civil Procedure, in regard to claims of servants and others.

By section 41 all debts due or to become due may be proved against the estate. Each partner owes all the debts of the partnership, and his goods may be taken to pay them. He may become insolvent through the indebtedness of the partnership, and in the case of his individual insolvency his creditors may undoubtedly have recourse to his interest in the partnership assets. Of course, his interest would be taken subject to the prior rights of partnership creditors, and to the expense of settling the affairs of the partnership. As the partnership debts can be proved against the estate, a discharge must have the effect of relieving his separate estate from all liability for partnership debts. The partnership might not be insolvent, but the insolvency of an individual partner would necessitate a dissolution, and an assignee could insist upon a liquidation and obtain for the creditors of the individual the value of the insolvent's interest in its assets. In this mode, perhaps, the assignee could cause the partnership assets to be applied to the payment of partnership debts before such creditors could have recourse to the individual estate. But as the statute now stands the court cannot discriminate in distributing the funds of the estate.

The orders are affirmed.

McFarland, J., and Henshaw, J., concurred.